CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 18 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDNA RUTH MARSHALL GRUBB, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 7:15CV00667 <br><br> **MEMORANDUM OPINION** <br><br> By: Honorable Glen E. Conrad <br> Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Edna Ruth Marshall Grubb, was born on December 4, 1958. Mrs. Grubb obtained a GED. Plaintiff has worked in a number of jobs, including truck driver, cashier, sewing machine operator, and furniture assembler. She last worked on a regular basis in 2010. On March 29, 2012, Mrs. Grubb filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on July 17,

2007, due to degenerative disc disease, herniated discs, back problems, and vision problems. At the time of the administrative hearing, Mrs. Grubb amended her application so as to reflect an alleged disability onset date of December 8, 2010. (TR 34). Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Grubb met the insured status requirements of the Act through the fourth quarter of 2012, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2012. See 42 U.S.C. § 423(a).

Mrs. Grubb's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 6, 2014, the Law Judge also determined that Mrs. Grubb was not disabled. The Law Judge found that, prior to termination of insured status, plaintiff suffered from several impairments, including degenerative disc disease of the cervical, thoracic, and lumbar spine; moderate obesity; and left shoulder bursitis. (TR 14). Because of these impairments, the Law Judge ruled that plaintiff was limited to light work activity at the time of her alleged disability onset, and through the date last insured. (TR 15). The Law Judge assessed Mrs. Grubb's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b); involving no more than occasional postural movements such as stoop, crouch, climb, or kneel; no more than occasional overhead reaching; and other reaching, fingering, and handling frequently but not constant.

2

(TR 15). Given such a residual functional capacity, the Law Judge found that plaintiff was disabled for her prior work activity as a truck driver. However, the Law Judge determined that Mrs. Grubb could have worked as a cashier and knitter at all relevant times prior to the termination of insured status. (TR 24). Based on these findings, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retained sufficient functional capacity to work in several cashier and knitter positions at all relevant times prior to the termination of insured status. (TR 24). Accordingly, the Law Judge ultimately concluded that Mrs. Grubb was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. (TR 24). See generally 20 C.F.R. § 404.1520(f). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Grubb has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. During the relevant period

from the date of alleged disability onset through the termination of her insured status, plaintiff suffered from degenerative disease process throughout her back and neck. She also suffered from obesity, and bursitis in her left shoulder. The Administrative Law Judge relied on reports from state agency physicians in determining that plaintiff's musculoskeletal problems were not so severe as to prevent performance of lighter forms of work activity. (TR 23). The Law Judge also cited physical findings made following a consultative medical examination. (TR 19-20). More importantly, the Law Judge relied on reports from treating physicians, including Dr. John W. Carmody, an orthopaedic surgeon, and Dr. Rollin J. Hawley, a neurologist. Based on examinations completed in 2010, both Dr. Carmody and Dr. Hawley opined that plaintiff could no longer engage in the physical activity required in her prior work role as a truck driver. However, both Dr. Carmody and Dr. Hawley considered Mrs. Grubb capable of performing less strenuous forms of activity. In making their assessments, both medical specialists relied on their own clinical examinations as well as results from an MRI study in October of 2010. The Administrative Law Judge considered the reports from both specialists in some detail.

Dr. Carmody treated Mrs. Grubb over a period of several years. Dr. Carmody referred Mrs. Grubb to Dr. Hawley for a neurological consultation. On November 29, 2010, Dr. Hawley wrote to Dr. Carmody:

> I agree that your 10/12/10 lumbar MRI scan, showing relatively mild bulges in the lower lumbar spine, with relatively mild canal neural foraminal encroachment at multiple levels, as well as a degenerative disk disease and facet degenerative changes, does not indicate surgery. If the simple measures above do not help her, we might try to give her medications for neuropathic pain, such as sedating tricyclic antidepressants like Elavil or Pamelor at bedtime. I had given her Elavil in the past with good effect. Unfortunately, it, or anticonvulsant such as Gabapentin 3X a day, can be associated with weight gain. Another possibility might be to give her Topamax or Topiramate twice a day, hoping to not only

4

> decrease her neuropathic pain, but also her appetite and weight, with many health benefits. She does not have a history of kidney stones; would have to drink a lot of water, but not much caffeine, to avoid kidney stones on Topamax.
>
> I agree that Mrs. Marshall/Grubb cannot really work as a truck driver again, because of her Lumbar Radiculopathy; although, fortunately, she has some experience in Human Resources work at Mt. Rogers. I hope that her Worker's Compensation Insurer and Vocational Rehabilitation might help her retrain to allow her to return to this work, or some other work which she enjoys and is capable of performing. I did not give Mrs. Marshall/Grubb a return appointment, but I would be glad to see her again if this would be helpful. Thank you for allowing me to see this lovely, pleasant, and hard-working lady.

(TR 433).

In a report dated February 11, 2011, Dr. Carmody assessed plaintiff's status as follows:

> Due to this it is not clear to me that she can engage in the performance of her normal duties as a long distance truck driver of up to 16 hours per day without risk. I believe she may be able to do less strenuous work of shorter time durations but she would most likely have difficulty with the demand stated in her current job description as a long distance driver working up to 16 hours per day. In the future she may require an ongoing therapy program to maintain flexibility and strength, nonsteroidal anti-inflammatory medications as indicated and tolerated by the patient, and modification of work load to a level she can sustain. At this time it does not appear that surgery would be of benefit but degenerative disc disease is a progressive condition and in her condition particulary [sic] the cervical disc disease may increase such that it will not be alleviated by non-operative means. This would of course be dependent on her progress and degree of symptoms and any neurologic deficits which are confirmed in examination and diagnostic testing as indicated.

(TR 422).

The Administrative Law Judge interpreted the reports from Dr. Hawley and Dr. Carmody so as to suggest that Mrs. Grubb retained the capacity for less strenuous jobs. (TR 22). The court believes that such an interpretation is reasonable and consistent with the specialists' reports. Relying on testimony from a vocational expert, the Law Judge noted that plaintiff's prior jobs as a cashier and knitter were lighter in exertional requirements. The Law Judge determined that, at all

5

relevant times, plaintiff retained sufficient functional capacity to perform such work. It appears to the court that the Law Judge reasonably relied on the testimony of the vocational expert in assessing the functional requirements of plaintiff's past relevant work roles. Thus, the court believes that there is substantial evidence to support the Law Judge's finding that plaintiff retained the capacity to return to certain of her past relevant work roles, and that she was not disabled for all forms of work at any time prior to the termination of her insured status. It follows that the Commissioner's final decision denying plaintiff's application for benefits must be affirmed. Laws v. Celebrezze, supra.

On appeal to this court, plaintiff maintains that the Law Judge failed to consider all the evidence of record. Through counsel, plaintiff notes that if the Law Judge had found that Mrs. Grubb was disabled for anything more than sedentary exertion as of the date of disability onset, the medical vocational guidelines would have directed a determination of disabled in this case. See 20 C.F.R. § 404.1569 and Rule 201.06 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Plaintiff also notes that, in his assessment of plaintiff's residual functional capacity, the Administrative Law Judge failed to include certain of the physical limitations identified by Dr. Carmody in a letter dated February 9, 2011. On that occasion, Dr. Carmody noted as follows:

> This patient has been disabled and remains disabled from work as a truck driver due to her medical problems including cervical degnerative [sic] disc disease cervical radiculopathy [and] limitation of motion and strength in the back and neck. This is supported by neurology consultation, emg/ncs by Dr. Hawley and is documented in his notes on the patient. Work restrictions: No driving lifting pushing or pulling objects greater than 10 pounds[.]

(TR 337). Mrs. Grubb maintains that the Law Judge erred in failing to include the limitation for lifting, pushing, or pulling objects greater than 10 pounds in his finding as to plaintiff's residual

6

functional capacity. Accordingly, plaintiff asserts that the Law Judge failed to discharge his burden in assessing her residual functional capacity by way of a function by function analysis. See Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016); Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

While the court agrees that the Law Judge did not include the 10 pound limitation in his finding as to plaintiff's residual functional capacity, the court believes that any oversight was corrected through the questioning of the vocational expert. The vocational expert testified that in order to perform a full range of light exertion, a worker must be able to pick up and carry 20 pounds occasionally and 10 pounds frequently. (TR 81-82). See also, 20 C.F.R. § 404.1567(b). The vocational expert observed that while some cashiering positions have medium exertional requirements, an accommodation to lifting, pushing, or pulling no more than 10 pounds could be made for many cashiering positions.[1] (TR 82). In short, the court believes that the Law Judge properly relied on the vocational expert's testimony in concluding that Mrs. Grubb is not disabled for all of her past relevant work roles.

In summary, the court has found substantial evidence to support the Law Judge's decision denying plaintiff's entitlement to benefits. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Grubb was free of all pain, weakness, and discomfort. Indeed, the medical record confirms that plaintiff suffered from definite musculoskeletal problems, and that her arthritic complaints rendered her disabled for anything

---

[1] Plaintiff's attorney also asked the vocational expert to consider other hypothetical questions, to which the expert replied that no jobs would be available. However, the court agrees that the factual premise for those other hypotheticals is not supported by the evidence of record.

more than a limited range of light work. However, the medical reports from doctors who have examined Mrs. Grubb do not document the existence of any mechanical problems or sensory deficits which could have been expected to produce totally disabling pain and discomfort. Once again, it must be noted that no doctor has suggested that Mrs. Grubb was disabled for all forms of work activity. It is well settled that the inability to do work without any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). As reflected above, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of January, 2017.

_____
Chief United States District Judge

8

Case 7:15-cv-00667-GEC    Document 20    Filed 01/18/17    Page 8 of 8    Pageid#: 513